IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIE FURGESON, formerly known as, MARIE HENDERSON,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>AMERIQUEST MORTGAGE CORPORATION; WASHINGTON MUTUAL BANK, FA; WM SPECIALTY MORTGAGE LLC; CITI RESIDENTIAL LENDING, INC; and JOHN DOES 1-10;<br><br>　　　　　　　　Defendants. | Case No. 04-CV-7627<br><br>Assigned to Hon. Blanche M. Manning |

**DEFENDANTS' STATUS CONFERENCE STATEMENT**

Defendants Ameriquest Mortgage Company, Washington Mutual Bank, FA, WM Specialty Mortgage, LLC, and Citi Residential Lending, LLC ("Defendants") respectfully submit the following statement in connection with the May 6, 2010 Status Conference in this matter.

A.　**Procedural History**

Plaintiff filed her original complaint in this matter in November 2004. In April 2006, the case was transferred to Judge Aspen (Docket No. 60), and consolidated with several hundred similar cases as part of the multidistrict litigation proceeding entitled *In Re: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation*, Case No. 05-cv-07097 (the "MDL"). Plaintiff has amended her complaint three times, such that the operative pleading is the Third Amended Complaint (the "TAC," Docket No. 67).

The TAC, which contains claims for violation of the Truth in Lending Act, violation of the Illinois Consumer Fraud Act, and breach of contract, seeks rescission of Plaintiff's loan as well as monetary damages. In November 2009, Plaintiff attempted to file a motion for summary judgment with respect to the TAC, however, the motion was stricken by Judge Aspen as being

premature, and in violation of scheduling orders issued by Judge Aspen which require that all of the Opt-Out Plaintiffs file one consolidated motion for summary judgment.

On April 6, 2010, Judge Aspen granted a motion by Plaintiff and transferred the case back to this Court (Docket No. 77).

### B. Necessary Parties Not Yet Present

As part of the MDL, Ameriquest filed a Consolidated Third-Party Complaint, alleging claims against companies whom Ameriquest hired to close the loans in questions (the "Closing Agents") as well as companies which issued indemnity agreements covering, among other things, the closing of the plaintiffs' loans (the "Underwriters").  In the instant case, Ameriquest named, as Third-Party Defendants: (i) Northwest Title and Escrow Corporation which served as the Closing Agent on Plaintiff's loan; and (ii) American Pioneer Title Insurance, which was the Underwriter.  In the event that Ameriquest is found liable in any capacity to Plaintiff, it would be entitled to indemnity from one or both of the Third-Party Defendants.

Because Ameriquest's claims against the Third-Party Defendants arise from the same transaction and operative facts as Plaintiff's claims against Defendants, considerations of fairness and judicial economy dictate that the applicable Third-Party Defendants should be brought into this action, not left in the MDL.  Judge Aspen's April 6, 2010 Order did not include a transfer of the third-party claims, however, counsel for Plaintiff and Defendants have discussed this and plan on submitting a stipulation or motion to Judge Aspen to transfer the applicable third-party claims.

### C. Outstanding Discovery

In the Order transferring the instant case back to this Court, Judge Aspen ruled that "discovery had closed in the individual matters" and, thus, "neither Plaintiffs, nor Ameriquest may propound additional discovery requests in these cases without leave of court." (See MDL, Docket No. 3500).  Indeed, prior to the case being transferred from this Court to the MDL in April 2006, Ameriquest and Plaintiff completed a small amount of discovery.  However, two other named defendants, WM Specialty Mortgage, LLC and Citi Residential Lending, Inc., as

well as both of the Third-Party Defendants, were added while the case was part of the MDL and, thus, have had no opportunity whatsoever to participate in discovery. This is confirmed in Judge Aspen's April 6th Order, which states that "no additional discovery of significance has been conducted in the MDL." (*See* MDL, Docket No. 3500).

Counsel for Plaintiff has indicated that she intends to re-file her motion for summary judgment shortly in this Court. Defendants have a right to engage in basic substantive discovery prior to responding to Plaintiff's motion for summary judgment. *See e.g.*, FRCP, Rule 56(f). Moreover, a motion for summary judgment, which is a dispositive motion, cannot be heard until such time that Defendants have had the opportunity to conduct discovery with respect to the Third-Party Defendants, who owe Ameriquest a duty of indemnity for the claims alleged by Plaintiff and who are, therefore, necessary parties in this matter.

Defendants are aware that this case has been pending for several years, and thus do not seek to reopen discovery altogether. Rather, Defendants propose the following streamlined discovery schedule:

(i) Defendants and Third-Party Defendants may serve written discovery requests and conduct one deposition of each party;

(ii) Defendants may seek discovery from Plaintiff, either through targeted written discovery requests or through a short deposition, on the issue of the Plaintiff's ability to tender the proceeds of the Loan back to Ameriquest, which is a required element in connection with her claim for rescission;

(iii) The parties shall complete all discovery within 60 days of such time that the relevant Third-Party Defendants are transferred to this action; and

(iv) The parties may file any motions for summary judgment, or partial summary judgment, within 21 days after discovery closes.

D.    **Settlement**

Counsel for Plaintiff and Defendants have discussed settlement in this matter, and Plaintiff has agreed to present Defendants with a specific settlement demand. Ameriquest

previously made a settlement demand to all of the Third-Party Defendants in the MDL, however, it did not receive a response from the two Third-Party Defendants relevant to this particular case.

If the parties are unable to resolve this case informally amongst themselves, Defendants are agreeable to participating in a mediation which includes Plaintiff and the relevant Third-Party Defendants. Defendants would suggest having retired Judge Donald O'Connell as the mediator. Judge O'Connell is familiar with the facts of these types of cases, and has already served as a mediator for several sessions as between Ameriquest and the Opt-Out Plaintiffs in the MDL.

In order to save all parties from spending a significant amount of money on legal fees, Defendants propose that the mediation occur as soon as reasonably practical after the relevant Third-Party Defendants are transferred to this action.

DATED: April 30, 2010

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company; Washington Mutual Bank, FA; WM Specialty Mortgage, LLC; and Citi Residential Lending, LLC*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 30th day of April 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage